## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ISAAC E. SOJOURNER,      :
     Plaintiff,        :
                           :
     v.                     :     CIVIL ACTION NO.
                           :     1:09-CV-3460-TWT
THOMAS I. CHERRY, et al.,    :
     Defendants.      :

## ORDER AND OPINION

Proceeding *pro se*, Isaac E. Sojourner filed a complaint under Title VII [1], a request for permission to proceed *in forma pauperis* [3], and a "Motion for: 1. Equitable Tolling; 2. Court Appointed Counsel; and 3. Trial by Jury" [2]. Magistrate Judge E. Clayton Scofield III granted Sojourner permission to proceed *in forma pauperis*, but directed that Sojourner's complaint not be served immediately [4].[1]

This Court has now screened Sojourner's complaint pursuant to 28 U.S.C. § 1915(e)(2). Sojourner's complaint must be dismissed because it does not state a claim upon which relief may be granted and his motion for equitable tolling, appointment of counsel and other relief must be denied because it is moot.

---

[1] When Sojourner filed his complaint, he was incarcerated in Dooley State Prison. He has since been released.

Sojourner is an African-American male.  In 2007, he sought temporary work through the Infinity Staffing Agency [1 at 15].  Infinity assigned Sojourner to APL Logistics.  *Id.*  APL assigned Sojourner to its fourth shift.  The fourth shift "was the only shift that had 'white' supervisors" [1 at 9].  "The supervisors for fourth shift would demand 'high quality work each day'" [1 at 10].  "It was a well know [sic] fact that 'brothers don't last to [sic] long" on [fourth shift]'" [1 at 11].  Nonetheless, Sojourner had a "'job performance rating' of over 110%" [1 at 9].  And Sojourner "never came late [and] never missed work."  *Id.*

That changed on November 16, 2007, when Sojourner had "major car problems" [1 at 4].[2]  Sojourner attempted to contact APL, but was unable to leave a message [1 at 6].  Sojourner called a co-worker to ask that he relay the message first that Sojourner would be late [1 at 6-7], and later that Sojourner would not be in at all [1 at 7].  Sojourner understood his co-worker passed on those messages.  *Id.*  Ultimately, Sojourner never came to work.

---

[2] Sojourner has changed his explanation of why he missed work on November 16, 2007.  Sojourner's *pro se* complaint – filed more than two years after he was terminated – states that the sole reason was "major car trouble" [1 at 3-4].  Sojourner's affidavit – attached as an exhibit to his complaint and prepared just two weeks after he was terminated – states that he missed work "because of car trouble and pain in right knee" [1-1 at 3].

Earlier in the day, Sojourner's co-worker had "manually punched in the time card he had made" for Sojourner [1 at 5].[3]  Sojourner characterizes this as a "time card *mistake*" [1 at 4 (emphasis in original)].  The following day, Sojourner and his co-worker were fired [1 at 4].  The stated reason was "for stealing time."  *Id*.

Sojourner complains that because he was discharged for cause, he was denied unemployment benefits and his "chances of gainful employment" have been hurt [1 at 23].  Sojourner complains that "every one else [on fourth shift] was Asian or Mexican – and 95% of them was [sic] illegals" [1 at 24].  Sojourner states that "illegals" were preferred over African-Americans.  Sojourner concludes: "[t]he only motive for APL's action can only be racist" and "[r]ace-hate appears to be the base reason for plaintiff [sic] firing" [1 at 23 & 24].

Sojourner filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  The EEOC declined to file suit on Sojourner's behalf. While waiting to receive a "right to sue" letter from the EEOC, Sojourner was

---

[3]  Sojourner notes that APL has two time card systems, one manual and one computerized, and that the manual system was being phased out [1 at 5]. Sojourner alleges that his co-worker did not clock him into the computerized system. *Id*.  Sojourner alleges that the manual time card was prepared "to preserve plaintiff a good forklift." *Id*.

3

convicted for burglary and sent to state prison.  While in prison, Sojourner filed his Title VII complaint.

Sojourner demands that:

– "APL be investigated for violations of the State and Federal Immigration Compliance Act [sic];"

– APL and Infinity be investigated "for illegal worker [sic] during the year of 2007;"

– he be awarded "back wadges [sic] with interest from 11-17-07 until the present," which would include the time he was in prison; and

– he be awarded no less than $60,000 in compensatory damages and $450,000 in punitive damages.

[1 at 25].

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin."  42 U.S.C. § 2000e-2(a)(1).  To survive review under 28 U.S.C. § 1915(e)(2), Sojourner must adequately plead a Title VII violation.[4]  The United States Supreme Court recently

---

[4] Title VII claims come in a variety of types, and the elements that must be pled and proven vary somewhat.  *Compare, e.g., Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004) (failure to promote) *with Nix v. WLCY*

AO 72A
(Rev.8/82)

addressed and clarified what is required for a complaint to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (*Bivens* action)

"Where the claim is invidious discrimination[, a] plaintiff must plead and prove that the defendant acted with discriminatory purpose." *Id*. at 1948.  This requires a demonstration that the defendant undertook a "course of action 'because of,' not merely 'in spite of,'" its discriminatory effect.  *Id*. (internal quotation marks and citation omitted).  Extending that standard to a Title VII claim, it is necessary for a plaintiff to "plead sufficient factual matter to show that [a defendant]" acted not for a legitimate, non-pretextual reason, "but for the purpose of discriminating on account of race, religion, or national origin." *Id*. at 1948-49.

Therein lies the fatal flaw in Sojourner's complaint.  Sojourner acknowledges that his employer says he was fired because he was a "no call, no show" whose friend submitted a time card indicating that Sojourner was present at work when he was not.  Where an employer can articulate a legitimate, non-discriminatory reason for an adverse employment action, it is the employee's burden to demonstrate "that the legitimate reasons offered by the defendant were

---

*Radio/Rahall Commc'ns*, 738 F.2d 1181, 1185 (11th Cir. 1984) (wrongful termination) *with McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (disparate treatment).

not its true reasons, but were a pretext for discrimination." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).  Evidence of pretext "must reveal such weaknesses, implausibilities, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 771 (11th Cir. 2005) (internal quotation marks and citation omitted).  If "the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).

Sojourner pleads no facts that (A) plausibly rebut the explanation he acknowledges that his employer has given for his firing and (B) might persuade a reasonable factfinder that his employer's explanation was a pretext unworthy of credence.  Sojourner merely offers his own opinion that "[t]he only motive for APL's action can only be racist" and "[r]ace-hate appears to be the base reason for plaintiff [sic] firing" [1 at 23 & 24].  "[I]t is the conclusory nature of [Sojourner's] allegations . . . that disentitles them to the presumption of truth." *Iqbal*, 129 S. Ct. at 1951.  In this case, Sojourner has not "'nudged [his] claims' of invidious

6

discrimination 'across the line from conceivable to plausible.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Sojourner's complaint [1] is **DISMISSED** under 28 U.S.C. § 1915(e)(2) because it does not state a claim upon which relief may be granted. Sojourner's motion for equitable tolling, appointment of counsel, and other relief [2] is **DENIED** as moot.

SO ORDERED, this 31day of August, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

7